# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 10, 2013

LETTER TO COUNSEL:

      RE:    *Allan Crosby, Jr. v. Commissioner, Social Security Administration*;
              Civil No. SAG-12-2554

Dear Counsel:

On August 27, 2012, the Plaintiff, Allan L. Crosby, Jr., petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 16). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

Mr. Crosby filed his claim for benefits on March 13, 2009, alleging disability beginning on April 2, 2002. (Tr. 120-22). He later amended his onset date to his filing date. (Tr. 133). His claim was denied initially on May 8, 2009, and on reconsideration on November 2, 2009. (Tr. 71-74, 76-77). A hearing was held on November 10, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 24-60). Following the hearing, on November 22, 2010, the ALJ determined that Mr. Crosby was not disabled during the relevant time frame. (Tr. 10-23). The Appeals Council denied Mr. Crosby's request for review (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Crosby suffered from the severe impairments of degenerative disc disease, status post fracture of the cervical spine, and chronic shoulder pain. (Tr. 15). Despite these impairments, the ALJ determined that Mr. Crosby retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 416.967(b) except he can stand or walk for 2 hours out of an 8 hour workday; he needs to be able to alternate between sitting and standing at will; he can never climb ladders, ropes and scaffolds; he can perform other postural activities on an occasional basis; he can only occasionally reach above his shoulders; he can frequently engage in fine fingering activities; and he is limited to unskilled work.

(Tr. 15). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Crosby could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 19-20).

Mr. Crosby presents four arguments on appeal: (1) that the ALJ did not cite substantial evidence to support his RFC and failed to properly analyze medical evidence; (2) that the ALJ should have found that he met Listing 1.04A; (3) that the ALJ failed to adequately evaluate his pain; and (4) that the ALJ presented an erroneous hypothetical to the VE. While I disagree with some of Mr. Crosby's arguments, I agree that the ALJ did not provide sufficient analysis for me to evaluate his finding on Listing 1.04A, and did not assign weight or evaluate the opinions of the non-examining state agency physicians. For those reasons, remand is warranted. In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Crosby was not entitled to benefits is correct or incorrect.

The ALJ's opinion contains extensive analysis of (1) the ALJ's reasons for making an adverse credibility determination, and (2) the opinions of Mr. Crosby's treating physicians, Drs. Arrison and Shaull. (Tr. 16-19). The ALJ summarized the treatment notes from Dr. Arrison and noted the inconsistencies between Dr. Arrison's opinion and those treatment notes. *Id.* As a result, I find no error in the ALJ's analysis on those points. I also disagree with Mr. Crosby's assertion that the hypothetical to the VE was inadequate. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel,* No. 98–1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen,* 861 F.2d 536, 540–41 (9th Cir. 1988). Assuming the adequacy of the RFC, the hypothetical question was properly worded in accordance with the RFC, and noted that Mr. Crosby would have to be able to sit or stand at will. (Tr. 55-56). The fact that the ALJ disregarded the testimony provided in response to other limitations added by Mr. Crosby's counsel does not invalidate the analysis, because those limitations are not included in the RFC that the ALJ found. Remand is therefore unwarranted on that basis.

Mr. Crosby also contends that the ALJ did not complete the two-step process for evaluating his allegations of pain. This contention lacks merit. The Fourth Circuit has developed a two-part test for evaluating a claimant's allegations of pain. *Craig v. Chater,* 76 F.3d 585, 594 (4th Cir. 1996). The first prong of this test requires a determination that there is objective medical evidence of a medical impairment reasonably likely to cause the pain alleged by the claimant. *Id.* The second prong requires the ALJ to consider "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." *Id.* at 595. The ALJ cited to substantial evidence to support his overall finding on Mr. Crosby's subjective complaints of pain. First, the ALJ expressly found that Mr. Crosby's impairments could reasonably be expected to cause the alleged symptoms, but determined that Mr. Crosby's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible." (Tr. 16). Specifically, the ALJ reported that Mr. Crosby testified at the hearing that "he had not driven in two years, had never used or been involved with drugs, and had not consumed alcohol

in 25 to 30 years." *Id.* However, public records directly contradicted Mr. Crosby's statements, revealing that he had one conviction for driving under the influence ten months prior to the hearing and a separate drug conviction from 2002. *Id.* In addition, the ALJ noted that no diagnostic tests or treatment notes supported Mr. Crosby's claims of sleep issues and carpal tunnel syndrome. (Tr. 17). Those citations constitute substantial evidence to support the ALJ's determination that Mr. Crosby's allegations of pain were not fully corroborated by the record.

However, I cannot make a similar finding, on this record, as to the ALJ's evaluation of Listing 1.04A. The ALJ simply set forth the elements required to meet the listing, and stated, "The objective evidence does not detail these conditions, so Dr. Arrison's opinion is given less weight." (Tr. 18). Mr. Crosby correctly notes that the evidence in fact suggests that he does meet at least some of the conditions required in Listing 1.04A. Pl. Mot. 28-29 (citing notes suggesting possible nerve root compression, limitation of motion of the spine, neuro-anatomic distribution of pain, sensory loss, and positive straight leg raising tests). Although the Commissioner alleges that the ALJ's finding was correct because Mr. Crosby cannot establish the required element of motor loss, the ALJ has provided no analysis on that point, anywhere in his opinion, for me to review. Remand is appropriate for the ALJ to fulfill his duty of explanation as to the reasons underlying his conclusion that Listing 1.04A is not met.

Similarly, the ALJ did not mention or reference the opinions of the state agency physicians in the opinion. It appears, from the hearing transcript, that the ALJ in fact used those opinions as a starting point in formulating the RFC. (Tr. 53) (ALJ noting that he would "start with what DDS had."). While remand may not have been necessary on this basis alone, because the case is being remanded for explanation of the listing finding, on remand, the ALJ should expressly discuss the opinions of the state agency physicians and clearly indicate the amount of weight assigned to them. Further analysis on that point will likely remedy Mr. Crosby's allegation that the ALJ failed to explain his determination regarding his ability to sit, stand, lift, and carry.

For the reasons set forth herein, Mr. Crosby's motion for summary judgment (ECF No. 14) and Defendant's motion for summary judgment (ECF No. 16) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge